**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: April 23 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: James M. West, | ) | Case No.: 13-33815 |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| James A. West, | ) | Adv. Pro. No. 15-03027 |
| | ) | |
| Plaintiff, | ) | Hon. Mary Ann Whipple |
| v. | ) | |
| | ) | |
| Home Savings & Loan, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

### MEMORANDUM OF DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

   This adversary proceeding is before the court on Defendant's Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as Incorporated By Bankruptcy Rules 7002 and 7012(b) and Memorandum in Support ("Motion to Dismiss"), [Doc. # 4]. By order entered on April 9, 2015, the court held a hearing on the Motion to Dismiss on April 16, 2015. [Doc. ## 5,8]. On April 10, 2015, in clear response to the Motion to Dismiss, Plaintiff filed his Motion for Leave to File Amended

Complaint ("Motion for Leave"), with a proposed amended complaint attached. [Doc. # 6]. So the court also held a hearing on the Motion for Leave on April 16, 2015.

Based on the reasons and authorities stated on the record by the court at the hearing, and as summarized below, the Motion to Dismiss will be granted, without prejudice, and the Motion for Leave will be denied as moot.[1]

Motion to Dismiss

Plaintiff's complaint is not a model of good pleading. The issue is not whether the complaint is a model of good pleading but whether it does enough to state any basis upon which relief can be granted under the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, which applies in bankruptcy adversary proceedings through Rule 7008 of the Federal Rules of Bankruptcy Procedure.

Defendant brings the Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of the complaint for failure to state a claim upon which relief can be granted. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, a "[p]laintiff's obligation to provide the 'grounds' for their claimed entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

The United States Supreme Court explained as follows the "plausibility" standard first set forth in *Twombly*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a

---

[1] As will be explained below, this is a different ruling than the judge's oral ruling during the hearing due to the provisions of Rule 15(a)(1) of the Federal Rules of Civil Procedure governing pleading amendments of right.

> sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "
>
> . . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(citing *Twombly*, 550 U.S. at 556).

In *Iqbal* the Supreme Court set up a two step process for deciding Rule 12(b)(6) motions. *Picard v. Merkin (In re Bernard L. Madoff Investment Securities LLC)*, 515 B.R. 117, 137 (Bankr. S.D.N.Y. 2014). The first step is "identifying pleadings that, because they are no more than [legal] conclusions are not entitled to the assumption of the truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). In that regard, "'[t]hreadbare recitals of the elements of a cause of action supported by conclusory statements' are not factual." *Id.* (quoting *Iqbal*, 556 U.S. at 678). The second step is, giving all well-pleaded factual allegations an assumption of veracity, deciding whether, together, they plausibly give rise to an entitlement of relief. *Id.*

Plaintiff's complaint speaks to bringing a cause of action for damages and injunctive relief for violating 11 U.S.C. § 524(a), which operates as an injunction against any act "to collect, recover or offset any [discharged] debt as a personal liability of the debtor. . . ." 11 U.S.C. § 524(a)(2). The complaint cover sheet, which is not part of the pleading for purposes of Rule 8, reiterates that its cause of action is for "violation of 11 U.S.C. 524." [Doc. # 1, p.1/35]. The complaint also cites and quotes case law, which is, at best, unnecessary surplusage in a complaint. And in its preamble the complaint confusingly contains a statement that its seeks enforcement of injunctive relief against Defendant "for violation of 15 U.S.C. §§ 1692-1692(o)," which is part of the federal Fair Debt Collection Practices Act. The prayer for relief in the complaint then refers to the automatic stay, which post-discharge collection efforts would not violate as it terminates upon discharge, 11 U.S.C. § 362(c)(2)(C), and also to violation of § 727, which provides for entry of a discharge in an individual Chapter 7 case and sets forth exceptions to discharge.

So the complaint is a melange of statutory citations, which are technically not required in a complaint, case law citations, which are generally inappropriate in a complaint, and averments of fact, which is the point of the complaint. *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003)("[T]he form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim."). As the Sixth Circuit has stated, "[t]he failure

3

in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Quinn-Hunt v. Bennett Enter., Inc.*, 122 Fed. Appx. 205, 207 (6th Cir. 2005) (quoting *Albert v. Carovano*, 851 F.2d 561, 571, n. 3 (2d Cir.1988)); *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, must be viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules.").

Amongst the pleading detritus, however, and as *Iqbal* instructs, the court finds properly pleaded facts that must be taken as true for purposes of the Motion to Dismiss. The averred facts set forth that Plaintiff filed a Chapter 7 case, that Defendant was a scheduled secured creditor in that case, that his debt to Defendant was discharged, that notice of the case and of Plaintiff's discharge were given to Defendant and that Defendant willfully violated the discharge inunction by engaging in post-discharge debt collection efforts by sending Plaintiff invoices and collection communications. Attached exhibits purporting to be invoices that Defendant sent to Plaintiff after his discharge include payment due amounts, itemization of overdue unpaid payments and continued assessment of late charges. Plaintiff alleges as his damages from these post-discharge collection efforts emotional distress and attorney's fees. [Doc. # 1, ¶¶ 5-10].

Notwithstanding the melange of superfluous statutory and case citations in the original complaint, *cf.* Fed. R. Civ. P. 8(d)(1), the court discerns that its purpose is to state a cause of action for violation of § 524(a). The averments of fact described above suffice both to give Defendant fair notice of what it is alleged to have done to Plaintiff when and plausibly set forth a cause of action for violating § 524.

But as Defendant correctly points out, Plaintiff's legal theory is not viable, which is the second part of the *Iqbal* inquiry. The glaring problem with the complaint is that there is no private right of action for damages in the Sixth Circuit under § 524. This is the equivalent of hornbook law in the Sixth Circuit arising from its ruling in *Pertuso v. Ford Motor Credit Company*, 233 F.3d 417, 422-23 (6th Cir. 2000), where the court states: "Under the law as it now stands, however, we have no hesitancy in joining those courts (a clear majority) that have held § 524 does not impliedly create a private right of action." Counsel for Plaintiff has been reminded of *Pertuso* and its holding before, most recently on March 25, 2015, with the granting of a motion to dismiss virtually the same form of complaint in another adversary proceeding in this court captioned *Hofer v. CitiFinancial*, Case No. 09-33958, Adv. Pro. No. 14-3153, Doc. # 19 (Bankr. N.D. Ohio March 25, 2015).

The court will therefore grant Defendant's Motion to Dismiss the complaint as Plaintiff has failed

4

to state a cause of action upon which relief can be granted.[2]

Motion for Leave

Plaintiff quickly responded to the Motion to Dismiss with his Motion for Leave. He attaches a proposed amended complaint to the Motion for Leave. As the Sixth Circuit further observes in *Pertuso*, "the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one." *Pertuso*, 233 F.3d at 421. The proposed amended complaint purports to set forth a contempt of this court in Defendant's actions.[3]

Rule 15 of the Federal Rules of Civil Procedure, applicable to this adversary proceeding under Rule 7015 of the Federal Rules of Bankruptcy Procedure, governs amendment of pleadings. Rule 15(a)(1) afforded Plaintiff the opportunity to amend the complaint one time without leave of court or consent of Defendant. Rule 15(a)(1)(B) permits a plaintiff to file an amended complaint once without leave of court or the opposing party's consent within 21 days after service of a motion under Rule 12(b), which occurred in this case on April 9, 2015. Plaintiff's Motion for Leave, which was ultimately procedurally unnecessary, was filed the next day on April 10, 2015. Rule 15(a)(1)(B) thus allowed Plaintiff to go ahead and just file the amended complaint without first asking the court for permission. Although the court orally indicated on the record at the hearing that it would grant Plaintiff's Motion for Leave and allow him leave to file his proposed amended complaint, [*see* Doc. # 11], the court has reconsidered and decided that the proper ruling

---

[2] Plaintiff's reference to 11 U.S.C. § 105 is similarly unavailing. The Sixth Circuit also held in *Pertuso* that, while § 105(a) vests bankruptcy courts with statutory contempt powers, it does not authorize courts to create rights that are otherwise unavailable under applicable law and cannot be invoked to provide a remedy for violations of § 524. *Id.* at 423. Nor can the court find that Plaintiff has thus far set forth facts plausibly supporting a legal theory of violation of the Fair Debt Collection Practices Act, if that is what he intends. And § 727 of the Bankruptcy Code simply sets forth the parameters for entry of a Chapter 7 discharge and grounds for denial and revocation of discharge. As the recipient of a discharge, Plaintiff does not state any plausible cause of action under § 727, either.

[3] The distinction between a statutory right of action and civil contempt is more than just nomenclature. "The primary purpose of a civil contempt order is to compel obedience to a court order and compensate for injuries caused by noncompliance." *McMahan & Co. v. Po Folks, Inc.*, 206 F.3d 627, 634 (6th Cir. 2000)(quoting *TWM Manuf. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983). The party alleging contempt has the burden of establishing contempt by clear and convincing evidence, *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 729 (6th Cir. 1996), not just by a preponderance of the evidence as is routine in civil matters. The sanctions for contempt are intended to be either compensatory, based on evidence of actual loss, *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391 (6th Cir. 1991), or coercive through payments to the court to abate violation of the order, *id.* at 1400. Lastly, the imposition of sanctions for civil contempt is within the sound discretion of the bankruptcy court and reviewed for abuse of discretion. *Musslewhite v. O'Quinn (In re Musslewhite)*, 270 B.R. 72, 78 (S.D. Tex. 2000).

5

is to deny that motion as moot on the grounds that no leave was required and the amended complaint has been filed within 21 days of service of Plaintiff's Motion to Dismiss.[4]

Nevertheless, a second prong of Defendant's argument in its Motion to Dismiss is that Plaintiff should not be permitted to proceed further with the adversary proceeding, period, because the proper procedure for pursuing contempt of court is as a contested matter under Rules 9020 and 9014 of the Federal Rules of Bankruptcy Procedure, not by adversary complaint under Rule 7001 of the Federal Rules of Bankruptcy Procedure. Defendant argues that there is no set of circumstances under which Plaintiff can plead a cause of action for relief under a legal theory that would be cognizable in this or any other version of his complaint because the procedural defect is fatal. Defendant essentially argues that the action should be dismissed, now, with prejudice, which would obviate Plaintiff's amendment of right (or otherwise) since amendment is futile. With a claim of contempt of the discharge injunction, at least one now expressly denominated as such in the amended complaint,[5] being asserted, that argument might best be presented

---

[4]The distinction in how the court treats the Motion for Leave and the filing of the amended complaint is important. Only one amendment of a pleading is allowed under Rule 15(a)(1) without leave of court or consent of the opposing party. If the court granted Plaintiff's Motion for Leave and the amended complaint were filed with leave of court, he would still technically have the right to amend once without leave of court as long as amendment occurred within the deadlines set by the rule.

[5]It is arguable that the original complaint already avers facts sufficient to state a plausible basis for a finding of contempt of the discharge injunction against Defendant. *See Motichko v. Premium Asset Recovery Corp. (In re Motichko),* 395 B.R. 25, 30-31 (Bankr. N.D. Ohio 2008)("While Debtors' Complaint does not expressly seek to have PARC held in contempt, the Court finds that Count I is sufficiently pled to seek such relief for purposes of deciding the Motion to Dismiss."). *Contra Hofer v. CitiFinancial*, Case No. 09-33958, Adv. Pro. No. 14-3153, Doc. # 19 (Bankr. N.D. Ohio March 25, 2015). Certainly Defendant is given notice of what it is alleged to have done. A party alleging contempt, in this case, Plaintiff, must prove by clear and convincing evidence that "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999) (*citing Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir.1998)). In the context of the discharge injunction, this means that a debtor must demonstrate that the creditor "(i) violated the discharge injunction (and thus the order granting the discharge) and (ii) did so with knowledge that the injunction was in place." *Gunter v. Kevin O'Brien & Assocs. Co. LPA (In re Gunter)*, 389 B.R. 67, 72 (Bankr. S.D. Ohio 2008). In addition, to impose contempt sanctions, the court must find that the act constituting a violation of the discharge injunction was willful. "A willful violation does not require any specific intent. Rather, the question is simply whether, having knowledge of the . . . discharge injunction, the creditor's actions were intentional." *McCool v. Beneficial (In re McCool),* 446 B.R. 819, 823 (Bankr. N.D. Ohio 2010); *In re Martin*, 474 B.R. 789 (Table), 2012 WL 907090, *6, 2012 Bankr. LEXIS 906, *15 (B.A.P. 6th Cir. March 7, 2012). The court now need not decide whether the original complaint was sufficient to state a contempt of court, Plaintiff having already advanced his amended complaint specifying contempt of court by name and element as the basis for relief.

6

in response to that document. But because Defendant raises it in the context of the adversary proceeding continuing at all based on the futility of amendment, the court will address it now, as it has before. *E.g.*, *Palazzola v. City of Toledo (In re Palazzola)*, Case No. 09-37696, 2011 Bankr. LEXIS 3225, *30-*32 (Bankr. N.D. Ohio May 25, 2011).

Rule 9020 of the Federal Rules of Bankruptcy Procedure provides that "Rule 9014 governs a motion for an order of contempt made by . . . a party in interest." Rule 9014 governs contested matters. It provides that "relief shall be requested by Motion" and that the motion "shall be served in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(a) and (b). It sets forth some of the rules in Part VII of the Federal Rules of Bankruptcy Procedure that are applicable in every contested matter, unless the court orders otherwise, and permits the court to direct that one or more of the other rules in Part VII shall apply. Fed. R. Bankr. P. 9014(c). The rules in Part VII are the same rules that govern adversary proceedings like this one. Because Plaintiff's contempt claim is asserted in an adversary proceeding rather than a motion, Defendant contends the complaint is fatally deficient. While the court recognizes that there is a split of authority on this point, *Englert v. Ocwen Loan Servicing, LLC (In re Englert)*, 495 B.R. 266, 271-72 (Bankr. W.D. Pa. 2013)(citing conflicting authorities), in the absence of binding contrary authority the court disagrees with Defendant's position.

As another judge in this district observed, "courts routinely hear contempt actions brought as adversary proceedings," notwithstanding the fact that the traditional method of bringing such matters before the court is by motion. *Motichko v. Premium Asset Recovery Corp. (In re Motichko)*, 395 B.R. 25, 32 (Bankr. N.D. Ohio 2008) (citing cases). The court agrees with the persuasive reasoning in *Motichko* that to dismiss on procedural grounds is to elevate form over substance where an adversary proceeding provides Defendant with more, not less, procedural protection than in a Rule 9014 contested matter brought by motion. *Id.* at 33. *Contra Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1191 (9th Cir. 2011); *Frambes v. Nuvell Nat'l Auto Fin., LLC (In re Frambes)*, No. 11-2004, 2011 Bankr. LEXIS 2076, 2011 WL 2133538 (Bankr. E.D. Ky. May 25, 2011). For example, among the rules that apply in adversary proceedings and not in contested matters are the additional pretrial disclosure of witnesses and exhibits under Rule 26(a)(3). *See* Fed. R. Bankr. P. 9014(c).

Defendant identifies no prejudice in allowing Plaintiff to proceed via adversary complaint instead of by motion under Rule 9014.[6] And if the court adopted Plaintiff's argument in this case, the complaint

---

[6] The converse is not true in the court's view. Because of the additional procedural requirements, matters that Rule 7001 requires to proceed via adversary complaint cannot proceed as contested matters

7

would be dismissed. But Plaintiff would start over by filing a motion for an order to show cause why Defendant should not be held in contempt of court--a motion to which the pleading rules do not apply and with a lower threshold of factual notice to Defendant as to what it is alleged to have done to Plaintiff. *See* Fed. R. Bankr. P. 9014(c).

The court declines to dismiss the complaint and the adversary proceeding with prejudice. To the extent there is a procedural defect in proceeding by adversary action, it is not a fatal one. *Contra Reedy v. Residential Credit Solutions, Inc. (In re Reedy),* Case No. 13-62060, Adv. No. 14-6044, 2014 Bankr. LEXIS 4734, *3 (Bankr. N.D. Ohio Nov. 14, 2014)(not for publication).

Based on the foregoing reasons and authorities, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as Incorporated By Bankruptcy Rules 7002 and 7012(b) [Doc. # 4] be, and hereby is, **GRANTED, without prejudice;** and

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [Doc. # 6] is **DENIED** as moot because no leave to file an amended complaint is required; and

**IT IS FINALLY ORDERED** that further proceedings in this adversary action shall go forward, in accordance with the applicable rules of procedure and the court's existing scheduling order, on Plaintiff's Amended Complaint [Doc. # 15] filed on April 21, 2015.

###

---

under Rule 9014.