**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: June 29 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: James M. West, | ) | Case No.: 13-33815 |
| | ) | |
| Debtor. | ) | Chapter 13 |
| | ) | |
| James A. West, | ) | Adv. Pro. No. 15-03027 |
| | ) | |
| Plaintiff, | ) | Hon. Mary Ann Whipple |
| v. | ) | |
| | ) | |
| Home Savings & Loan, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OF DECISION AND ORDER RE DEFENDANT'S RENEWED MOTION TO DISMISS

This adversary proceeding is before the court on Defendant's Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as Incorporated By Bankruptcy Rules 7002 and 7012(b) and Memorandum in Support ("Motion"), [Doc. # 19], and Plaintiff's opposition to the Motion, [Doc. # 22]. The court held a hearing on the Motion on May 21, 2015. At the conclusion of the hearing, the court decided and announced that it was denying the Motion. This Memorandum of

Decision memorializes the court's oral ruling.

Defendant also filed a Rule 12(b)(6) motion to dismiss Plaintiff's original complaint. In clear response to Defendant's first motion to dismiss, and before the court decided that motion, Plaintiff filed a Motion for Leave to File Amended Complaint ("Motion for Leave"), with a proposed amended complaint attached. [Doc. # 6]. The court held a hearing on both motions, after which it granted Defendant's first motion to dismiss and denied the Motion for Leave. [Doc. # 16]. The Motion for Leave to file the amended complaint was denied as moot, because no leave to file an amended complaint was required at that time.[1] [*Id.*]. In response to Plaintiff's amended complaint, Defendant filed its renewed Motion.

Plaintiff's amended complaint, as with the original, is not a model of good pleading. The issue is not whether the complaint is a model of good pleading but whether it does enough to state any basis upon which relief can be granted under the pleading standards of Rule 8 of the Federal Rules of Civil Procedure, which applies in bankruptcy adversary proceedings through Rule 7008 of the Federal Rules of Bankruptcy Procedure.

Defendant brings the Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of the complaint for failure to state a claim upon which relief can be granted. Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, a "[p]laintiff's obligation to provide the 'grounds' for their claimed

---

[1] Rule 15 of the Federal Rules of Civil Procedure, applicable to this adversary proceeding under Rule 7015 of the Federal Rules of Bankruptcy Procedure, governs amendment of pleadings. Rule 15(a)(1) afforded Plaintiff the opportunity to amend the complaint one time without leave of court or consent of Defendant. Rule 15(a)(1)(B) permits a plaintiff to file an amended complaint once without leave of court or the opposing party's consent within 21 days after service of a motion under Rule 12(b), which occurred in this case on April 9, 2015. Plaintiff's motion for Leave, which was ultimately procedurally unnecessary, was filed the next day on April 10, 2015. Rule 15(a)(1)(B) thus allowed Plaintiff to go ahead and just file the amended complaint without Defendant's consent or first obtaining the court's permission. Arguably the amended complaint would have mooted Defendant's first motion to dismiss. But with the pendency of the ultimately denied Motion for Leave and a potentially dispositive procedural argument that is renewed in the Motion, the court determined it necessary and appropriate to decide Defendant's first motion to dismiss.

2

entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

The United States Supreme Court explained as follows the "plausibility" standard first set forth in *Twombly*:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "
> . . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(citing *Twombly*, 550 U.S. at 556).

In *Iqbal* the Supreme Court set up a two step process for deciding Rule 12(b)(6) motions. *Picard v. Merkin (In re Bernard L. Madoff Investment Securities LLC)*, 515 B.R. 117, 137 (Bankr. S.D.N.Y. 2014). The first step is "identifying pleadings that, because they are no more than [legal] conclusions are not entitled to the assumption of the truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). In that regard, "'[t]hreadbare recitals of the elements of a cause of action supported by conclusory statements' are not factual." *Id.* (quoting *Iqbal*, 556 U.S. at 678). The second step is, giving all well-pleaded factual allegations an assumption of veracity, deciding whether, together, they plausibly give rise to an entitlement of relief. *Id.*

Plaintiff's original complaint spoke of seeking damages and injunctive relief for violating 11 U.S.C. § 524(a), which operates as an injunction against any act "to collect, recover or offset any [discharged] debt as a personal liability of the debtor. . . ." 11 U.S.C. § 524(a)(2). The complaint cover sheet, which is not part of the pleading for purposes of Rule 8, reiterated that its cause of action was for "violation of 11 U.S.C. 524." [Doc. # 1, p.1/35]. Cutting through the melange of superfluous statutory and case citations in the original complaint, *cf.* Fed. R. Civ. P. 8(d)(1), the court discerned that its purpose was to state a cause of action for violation of § 524(a).

But as Defendant correctly and immediately pointed out, Plaintiff's legal theory was not viable because there is no private right of action for damages in the Sixth Circuit under § 524. This is the equivalent of hornbook law in the Sixth Circuit arising from its ruling in *Pertuso v. Ford Motor Credit Company*, 233 F.3d 417, 422-23 (6th Cir. 2000), where the court states: "Under the law as it now stands, however, we have no hesitancy in joining those courts (a clear majority) that have held § 524 does not impliedly create a private right of action."

Plaintiff quickly responded to Defendant's first motion to dismiss with his amended complaint [Doc. # 15]. As the Sixth Circuit further observes in *Pertuso*, "the traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit such as this one." *Pertuso*, 233 F.3d at 421. Plaintiff's amended complaint therefore purports to set forth a contempt of the discharge injunction in Defendant's actions.

Defendant's renewed request for dismissal for failure to state a claim upon which relief can be granted raises two issues. First, the Motion again contends that Plaintiff's amended complaint is fatally procedurally flawed because a contempt of court proceeding must be commenced by motion in the main case and not by a complaint in a separately initiated adversary proceeding. Second, Defendant argues that even if the procedural format is permissible, Plaintiff has still failed to aver a contempt of the discharge injunction and is in essence still asserting an impermissible private right of action under § 524(a).

In support of its procedural argument, Defendant points to Rules 9020 and 9014 of the Federal Rules of Bankruptcy Procedure. Rule 9020 of the Federal Rules of Bankruptcy Procedure provides that "Rule 9014 governs a motion for an order of contempt made by . . . a party in interest." Rule 9014 governs contested matters. It provides that "relief shall be requested by Motion" and that the motion "shall be served in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(a) and (b). It sets forth some of the rules in Part VII of the Federal Rules of Bankruptcy Procedure that apply in every contested matter, unless the court orders otherwise, and permits the court to direct that one or more of the other rules in Part VII shall apply. Fed. R. Bankr. P. 9014(c). The rules in Part VII are the same rules that govern adversary proceedings like this one. Because Plaintiff's purported contempt claim is asserted in an adversary proceeding complaint rather than by motion, Defendant contends the complaint is fatally deficient. While the court recognizes that there is a split of authority on this point, *Englert v. Ocwen Loan Servicing, LLC (In re Englert)*, 495 B.R. 266, 271-72 (Bankr. W.D. Pa. 2013)(citing conflicting authorities), in the absence of binding contrary authority the court disagrees with Defendant's position.

As another judge in this district observed, "courts routinely hear contempt actions brought as adversary proceedings," notwithstanding the fact that the traditional method of bringing such matters before the court is by motion to show cause. *Motichko v. Premium Asset Recovery Corp. (In re Motichko)*, 395 B.R. 25, 32 (Bankr. N.D. Ohio 2008) (citing cases). The court agrees with the persuasive reasoning in *Motichko* that to dismiss on procedural grounds is to elevate form over substance where an adversary proceeding provides Defendant with more, not less, procedural protection than in a Rule 9014 contested matter brought by motion. *Id.* at 33. *Contra Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1191 (9th Cir. 2011); *Frambes v. Nuvell Nat'l Auto Fin., LLC (In re Frambes)*, No. 11-2004, 2011 Bankr. LEXIS 2076, 2011 WL 2133538 (Bankr. E.D. Ky. May 25, 2011). For example, among the rules that apply in adversary proceedings and not in contested matters are the additional pretrial disclosure of witnesses and exhibits under Rule 26(a)(3). *See* Fed. R. Bankr. P. 9014(c).

Defendant identifies no prejudice in allowing Plaintiff to proceed via adversary complaint instead of by motion under Rule 9014.[2] And if the court adopted Defendant's argument in this case, the complaint would be dismissed. But Plaintiff would just start over by filing a motion for an order to show cause why Defendant should not be held in contempt of court--a motion to which the pleading rules do not apply and with a lower threshold of factual notice to Defendant as to what it is alleged to have done to Plaintiff. *See* Fed. R. Bankr. P. 9014(c).

Lastly, the court notes that the preamble to the amended complaint also references "injunctive relief." To the extent Plaintiff seeks injunctive relief beyond what § 524(a) already provides or other equitable relief, which is unclear, Rule 7001 of the Federal Rules of Bankruptcy Procedure requires the action to proceed by adversary complaint. Fed. R. Bankr. P. 7001(7).

The court therefore declines to dismiss the amended complaint and the adversary proceeding with prejudice on the procedural ground asserted by Plaintiff. To the extent there is a procedural defect in proceeding by adversary action, it is not a fatal one. *Contra Reedy v. Residential Credit Solutions, Inc. (In re Reedy),* Case No. 13-62060, Adv. No. 14-6044, 2014 Bankr. LEXIS 4734, *3 (Bankr. N.D. Ohio Nov. 14, 2014)(not for publication).

The second issue is whether Plaintiff is now actually asserting a contempt of the discharge injunction as opposed to continuing to assert a prohibited private right of action under § 524. The amended complaint

---

[2]The converse is not true in the court's view. Because of the additional procedural requirements and protections in the Part VII Rules, matters that Rule 7001 requires to proceed via adversary complaint cannot proceed as contested matters under Rule 9014.

also cites and quotes case law, which is, at best, unnecessary surplusage in a complaint. And in its preamble the amended complaint continues to refer to violations of § 524, as well as containing statutory references to §§ 727 and 105 (incorrectly identified as a basis for jurisdiction). The prayer for relief and one paragraph of the amended complaint (¶ 11) continue to refer to and ask for damages, both actual damages alleged to have been suffered by Plaintiff as well as punitive damages.

So the amended complaint is a somewhat refined melange of statutory citations, which are technically not required in a complaint, case law citations, which are generally inappropriate in a complaint, and averments of fact, which is the point of the complaint. *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003)("[T]he form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim."). As the Sixth Circuit has stated, "[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Quinn-Hunt v. Bennett Enter., Inc.*, 122 Fed. Appx. 205, 207 (6th Cir. 2005) (quoting *Albert v. Carovano*, 851 F.2d 561, 571, n. 3 (2d Cir.1988)); *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) ("The well-pleaded facts alleged in the complaint, not the legal theories of recovery or legal conclusions identified therein, must be viewed to determine whether the pleading party provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules.").

Amongst the pleading detritus, however, and as *Iqbal* instructs as the first step of analysis, the court finds properly pleaded facts that must be taken as true for purposes of the Motion. The averred facts set forth that Plaintiff filed a Chapter 7 case (¶ 6); that Defendant was a scheduled secured creditor in that case, that his personal liability to Defendant was discharged, and that notice of the case and of Plaintiff's discharge were given to Defendant (¶ 7) and received (¶ 9); and that Defendant has continued notwithstanding Plaintiff's discharge to continue to contact him for past due payments, as recently as March 1, 2015, and by engaging in post-discharge debt collection efforts by sending Plaintiff invoices and collection communications seeking "voluntary payments" (¶¶ 8 and 10). However, exhibits referenced as being attached to the amended complaint (¶¶ 7,8), and that were attached to the original complaint, are not actually attached. Plaintiff alleges as his injury from these post-discharge collection efforts emotional distress and attorney's fees (¶ 11). These are basically the same averments of fact, minus the referenced but unattached exhibits, that Plaintiff set forth in the original complaint. Even without the referenced exhibits actually attached, the court finds that these averments of fact suffice to give Defendant fair notice of what it is alleged to have done to Plaintiff.

The second part of the *Iqbal* analysis is whether these facts set forth any legally cognizable contempt of court. The court notes an additional change in the amended complaint from the original deficient complaint with a liberal sprinkling of the word "contempt" through the document. On page 3, in bold, underlined capital letters, the introduction to what follows is "Contempt of the Discharge Order." Paragraph 9 avers that "Defendants [sic], by attempting to collect on a debt that was discharged in bankruptcy, are in contempt of an order of discharge by this Court." Plaintiff then cites a case and standards for civil contempt.

The distinction between a statutory right of action and a civil contempt, which Defendant is pressing again with its Motion, is more than just nomenclature. "The primary purpose of a civil contempt order is to compel obedience to a court order and compensate for injuries caused by noncompliance." *McMahan & Co. v. Po Folks, Inc.*, 206 F.3d 627, 634 (6th Cir. 2000)(quoting *TWM Manuf. Co. v. Dura Corp.*, 722 F.2d 1261, 1273 (6th Cir. 1983)). The party alleging contempt has the burden of establishing contempt by clear and convincing evidence, *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 729 (6th Cir. 1996), not just by a preponderance of the evidence as is more routine in civil matters. The sanctions for contempt are intended to be either compensatory, based on evidence of actual loss, *United States v. Bayshore Assocs., Inc.*, 934 F.2d 1391 (6th Cir. 1991), or coercive through payments to the court to abate violation of the order, *id.* at 1400. Lastly, the imposition of sanctions for civil contempt is within the sound discretion of the bankruptcy court and reviewed for abuse of discretion. *Musslewhite v. O'Quinn (In re Musslewhite)*, 270 B.R. 72, 78 (S.D. Tex. 2000).

The court finds that Plaintiff's amended complaint does state plausible grounds for finding a civil contempt of the discharge injunction as a viable legal theory. *See Motichko v. Premium Asset Recovery Corp. (In re Motichko),* 395 B.R. 25, 30-31 (Bankr. N.D. Ohio 2008)("While Debtors' Complaint does not expressly seek to have PARC held in contempt, the Court finds that Count I is sufficiently pled to seek such relief for purposes of deciding the Motion to Dismiss."). *Contra Hofer v. CitiFinancial*, Case No. 09-33958, Adv. Pro. No. 14-3153, Doc. # 19 (Bankr. N.D. Ohio March 25, 2015). Defendant is given fair notice of what it is alleged to have done, even without the missing exhibits.

A party alleging contempt, in this case, Plaintiff, must prove by clear and convincing evidence that "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999) (*citing Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir.1998)). In the context of the discharge injunction, this means that a debtor must demonstrate that the creditor "(i) violated the discharge injunction (and thus the order granting the

7

discharge) and (ii) did so with knowledge that the injunction was in place." *Gunter v. Kevin O'Brien & Assocs. Co. LPA (In re Gunter)*, 389 B.R. 67, 72 (Bankr. S.D. Ohio 2008).

In addition, to impose contempt sanctions, the court must find that the act constituting a violation of the discharge injunction was willful. "A willful violation does not require any specific intent. Rather, the question is simply whether, having knowledge of the . . . discharge injunction, the creditor's actions were intentional." *McCool v. Beneficial (In re McCool),* 446 B.R. 819, 823 (Bankr. N.D. Ohio 2010); *In re Martin*, 474 B.R. 789 (Table), 2012 WL 907090, *6, 2012 Bankr. LEXIS 906, *15 (B.A.P. 6th Cir. March 7, 2012); Fed. R. Bankr. P. 7009; Fed. R. Civ. P. 9(b)("[m]alice, intent, knowledge and other conditions of a person's mind may be alleged generally" ). Plaintiff's amended complaint sets forth well-pleaded facts that meet all of these elements of a civil contempt.

That the prayer for relief speaks in terms of actual and punitive damages and not sanctions for contempt does not turn the amended complaint back into one asserting a prohibited private right of action under § 524(a). A demand for relief is also required to be included in a pleading stating a claim for relief by Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 7008; Fed. R. Civ. P. 8 (a)(3). However, the requirement interpreted by *Iqbal* that the pleader set forth "a short and plain statement of the claim showing the pleader is entitled to relief" in Rule 8(a)(2) is separate from the requirement for a demand for relief in Rule 8(a)(3). The contents of the prayer for relief are important in default judgment situations, because "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Bankr. P. 7054; Fed. R. Civ. P. 54(c). Otherwise, "[e]very other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." *Id.* This is not a default situation.

Based on the foregoing reasons and authorities, good cause appearing, the Motion will be denied and this action will proceed on Plaintiff's amended complaint as one seeking sanctions for civil contempt of the discharge injunction.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as Incorporated By Bankruptcy Rules 7002 and 7012(b)  [Doc. # 19] be, and hereby is, **DENIED.**

###